**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| **WODA COOPER DEVELOPMENT, INC; PARALLEL HOUSING, INC.; PERKINS FIELD LIMITED PARTNERSHIP; and PARALLEL PERKINS FIELD DEVELOPMENT, LLC,** | ) ) ) ) ) ) ) | |
| **Plaintiffs,** | ) | **CASE NO. 5:20-CV-00159-MTT** |
| **vs.** | ) ) | |
| **THE CITY OF WARNER ROBINS, GEORGIA; THE DEVELOPMENT AUTHORITY OF WARNER ROBINS, GEORGIA; and CITY MAYOR RANDY TOMS,** | ) ) ) ) ) ) | |
| **Defendants.** | | |

<u>**ANSWERS OF DEFENDANTS CITY OF WARNER ROBINS, GEORGIA AND CITY MAYOR RANDY TOMS TO PLAINTIFFS' SECOND AMENDED COMPLAINT**</u>

COME NOW Defendants City of Warner Robins, Georgia (the "City") and City Mayor Randy Toms ("Mayor"), herein collectively referred to "these Defendants," and file this their Answers and Affirmative Defenses to Plaintiffs' Second Amended Complaint ("SAC"), respectfully showing the Court as follows:

<u>**FIRST DEFENSE**</u>

Some or all of the claims asserted in the SAC fail to state a claim upon which relief can be granted against these Defendants.

<u>**SECOND DEFENSE**</u>

These Defendants are not liable to Plaintiffs because these Defendants are not guilty of any willful, wanton, intentional, or malicious misconduct.

## THIRD DEFENSE

These Defendants are not liable to Plaintiffs because these Defendants' actions and/or omissions were taken in good faith, were reasonable under the circumstances, and were in accordance with the law.

## FOURTH DEFENSE

These Defendants are not liable to Plaintiffs because any and all alleged injuries and damages sustained by Plaintiffs were directly and proximately caused by forces or actions other than those over which these Defendants had control.

## FIFTH DEFENSE

These Defendants are not liable to Plaintiffs because they have not breached any duty or obligation owed to Plaintiffs, whether contractual, common law, state or federal statutory law.

## SIXTH DEFENSE

These Defendants are not liable to Plaintiffs because of the doctrines of immunity, including substantive immunity, qualified immunity, legislative immunity, judicial immunity, absolute immunity, state agent immunity, and/or discretionary function immunity.

## SEVENTH DEFENSE

The City avers that a municipality is liable only for its own wrong and cannot be held liable under the principles or theories alleged by Plaintiffs to wit: *respondeat superior.  Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 689 (1978).

## EIGHTH DEFENSE

These Defendants are not liable to Plaintiffs because any and all injuries and damages sustained by Plaintiffs were directly and proximately caused by forces, actions, or instrumentalities other than those which these Defendants had control.

## NINETH DEFENSE

Specifically responding to the enumerated paragraphs of the SAC, these Defendants answer and respond as follows:

## JURISDICTION, VENUE AND PARTIES

1.

These Defendants admit the allegations contained in Paragraph 1 of the SAC.

2.

These Defendants admit the allegations contained in Paragraph 2 of the SAC.

3.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 3 of the SAC.

4.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 4 of the SAC.

5.

These Defendants admit the allegations contained in Paragraph 5 of the SAC.

6.

These Defendants deny the allegations contained in Paragraph 6 of the SAC.

7.

These Defendants admit the allegations contained in Paragraph 7 of the SAC.

8.

These Defendants admit the allegations contained in Paragraph 8 of the SAC.

9.

These Defendants admit the allegations contained in Paragraph 9 of the SAC.

## **INTRODUCTION**

10.

These Defendants deny the allegations contained in Paragraph 10 of the SAC.

11.

These Defendants deny the allegations contained in Paragraph 11 of the SAC.

12.

These Defendants deny the allegations contained in Paragraph 12 of the SAC.

13.

These Defendants deny the allegations contained in Paragraph 13 of the SAC.

## **GENERAL ALLEGATIONS**

14.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14 of the SAC.

15.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 15 of the SAC.

16.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 16 of the SAC.

17.

In response to Paragraph 17 of the SAC, these Defendants admit that the Mayor is the chief executive officer and the head of the administrative branch of the City government as provided for and as limited by the City's Charter.  The remaining allegations in Paragraph 17 of the SAC contrary to or inconsistent with the above response are denied.

18.

These Defendants admit the allegations contained in Paragraph 18 of the SAC.

19.

In response to Paragraph 19 of the SAC, these Defendants admit that the Development Authority was created pursuant to the laws of the State of Georgia and was created for a public purpose.  The remaining allegations contained in Paragraph 19 of the SAC are denied.

**FACTUAL BACKGROUND**

I.   **THE CITY OF WARNER ROBINS NEEDS MORE AFFORDABLE HOUSING**

A.   **THE NEED FOR AFFORDABLE HOUSING IN WARNER ROBINS, ESPECIALLY FOR AFRICAN AMERICANS**

20.

In response to Paragraph 20 of the SAC, these Defendants admit that the City applied for and received CDBG funding over the years and that the City is interested in facilitating or promoting low-income and affordable housing for the benefit of the community.  The remaining allegations contained in Paragraph 20 of the SAC are denied.

21.

These Defendants deny the allegations contained in Paragraph 21 of the SAC.

22.

In response to Paragraph 22 of the SAC, these Defendants admit that the City applied for and received CDBG funding over the years and that the City adopted budgets for the use of said CDBG funding.  The remaining allegations contained in Paragraph 22 of the SAC are denied.

23.

These Defendants deny the allegations contained in Paragraph 23 of the SAC.

24.

In response to Paragraph 24 of the SAC, these Defendants deny that the City had any legal duty or obligation to affirmatively further fair housing.  These Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 24 of the SAC.

25.

These Defendants deny the allegations contained in Paragraph 25 of the SAC.

26.

These Defendants deny the allegations contained in Paragraph 26 of the SAC.

27.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the SAC.

28.

These Defendants deny the allegations contained in Paragraph 28 of the SAC.

29.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the SAC.

30.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the SAC.

31.

In response to Paragraph 31 of the SAC, these Defendants deny that there is no affordable housing available in or near downtown Warner Robins.  These Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 31 of the SAC.

32.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the SAC.

33.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the SAC.

34.

These Defendants deny the allegations contained in Paragraph 34 of the SAC, and these Defendants further show that the Consolidated Plan speaks for itself.

35.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the SAC.

36.

These Defendants deny the allegations contained in Paragraph 34 of the SAC, and these Defendants further show that the AI Analysis speaks for itself.

37.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the SAC, and these Defendants further show that the AI Analysis speaks for itself.

38.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of the SAC.

39.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the SAC.

**B.     WARNER ROBINS NEEDS AFFORDABLE HOUSING FOR AIR FORCE SERVICEMEMBERS**

40.

In response to Paragraph 40 of the SAC, these Defendants admit that the City is the home to the Robins Air Force Base.  These Defendants are without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph 40 of the SAC.

41.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of the SAC.

42.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the SAC.

**C.    THE CITY IS WILLING TO PLACE AFFORDABLE HOUSING OUTSIDE OF DOWNTOWN, IN SEGREGATED AREAS OF CONCENTRATED POVERTY.**

43.

These Defendants deny the allegations contained in Paragraph 43 of the SAC, and these Defendants further show that the Consolidated Plan speaks for itself.

44.

These Defendants deny the allegations contained in Paragraph 44 of the SAC.

45.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 45 of the SAC.

46.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of the SAC.

47.

These Defendants deny the allegations contained in Paragraph 47 of the SAC.

48.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of the SAC.

49.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of the SAC.

50.

These Defendants deny the allegations contained in Paragraph 50 of the SAC.

51.

These Defendants deny the allegations contained in Paragraph 51 of the SAC.

## II.     THE CITY AND THE DEVELOPMENT AUTHORITY RECOGNIZE THE NEED TO REVITALIZE DOWNTOWN THROUGH AFFORDABLE HOUSING AND MIXED USE DEVELOPMENTS

### A.     WARNER ROBINS ADOPTED A PLAN TO REVITALIZE DOWNTOWN, WHICH INCLUDED PERKINS FIELD AND MULTI-FAMILY AFFORDABLE HOUSING NEXT TO CITY HALL

52.

These Defendants admit the allegations contained in Paragraph 52 of the SAC.

53.

These Defendants admit the allegations contained in Paragraph 53 of the SAC.

54.

These Defendants deny the allegations contained in Paragraph 54 of the SAC.

55.

These Defendants admit the allegations contained in Paragraph 55 of the SAC.

56.

These Defendants deny the allegations contained in Paragraph 56 of the SAC.

57.

These Defendants deny the allegations contained in Paragraph 57 of the SAC.

58.

These Defendants admit the allegations contained in Paragraph 58 of the SAC.

59.

These Defendants deny the allegations contained in Paragraph 59 of the SAC.

60.

These Defendants admit the allegations contained in Paragraph 60 of the SAC.

61.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of the SAC.

62.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of the SAC.

63.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of the SAC.

**B.      THE 2017 COMMUNITY TRANSFORMATION PLAN**

64.

In response to Paragraph 64 of the SAC, these Defendants admit that the City engaged Mosaic to prepare a Community Transformation Plan.  The remaining allegations contained in Paragraph 64 of the SAC are denied.

65.

These Defendants deny the allegations contained in Paragraph 65 of the SAC, and as to sub-paragraphs (a) through (d), these Defendants show that the Community Transformation Plan speaks for itself.

66.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 of the SAC.

III.   **WARNER ROBINS INVITES WODA COOPER AND PARALLEL HOUSING TO DEVELOP AFFORDABLE HOUSING IN DOWNTOWN WARNER ROBINS**

A.   **THE CITY AND DEVELOPMENT AUTHORITY RECRUIT WODA COOPER AND PARALLEL HOUSING TO DEVELOP PERKINS FIELD**

67.

These Defendants deny the allegations contained in Paragraph 67 of the SAC.

68.

In response to Paragraph 68 of the SAC, these Defendants deny the City attended a development conference in Atlanta, Georgia in late 2017.  These Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 68 of the SAC.

69.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 69 of the SAC.

70.

These Defendants deny the allegations contained in Paragraph 70 of the SAC.

71.

These Defendants deny the allegations contained in Paragraph 71 of the SAC.

72.

In response to Paragraph 72 of the SAC, these Defendants admit that at the present time the Perkins Field location does not host community baseball games.  The remaining allegations contained in Paragraph 72 of the SAC are denied.

73.

In response to Paragraph 73 of the SAC, these Defendants admit the Perkins Field site is within the City's NSA, is within the Redevelopment Area, and is located near the transit line.  The remaining allegations contained in Paragraph 73 of the SAC are denied.

74.

These Defendants deny the allegations contained in Paragraph 74 of the SAC.

75.

These Defendants deny the allegations contained in Paragraph 75 of the SAC.

76.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of the SAC.

77.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77 of the SAC.

78.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78 of the SAC.

79.

In response to Paragraph 79 of the SAC, these Defendants admit the authenticity of the Zoning Letter; by way of further response, the Zoning Letter speaks for itself and all allegations inconsistent with or contrary to the Zoning Letter are denied.

**B.     AFTER THE CITY COMMITS TO THE PERKINS FIELD DEVELOPMENT, THE PLAINTIFFS INVEST HUNDREDS OF THOUSANDS OF DOLLARS TO MAKE IT A REALITY**

**1.     The Defendants' Commitment to a Ground Lease Agreement**

80.

These Defendants deny the allegations contained in Paragraph 80 of the SAC.

81.

These Defendants deny the allegations contained in Paragraph 81 of the SAC.

82.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 82 of the SAC.

83.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 83 of the SAC.

84.

These Defendants admit the Mayor signed said Environmental Questionnaire. The remaining allegations contained in Paragraph 84 of the SAC are denied.

85.

These Defendants deny the allegations contained in Paragraph 85 of the SAC.

86.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 86 of the SAC.

87.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 87 of the SAC.

88.

These Defendants deny the allegations contained in Paragraph 88 of the SAC.

2.    **With the City on Board, the Plaintiffs Secure Funding and the LIHTC Award from DCA**

89.

These Defendants deny the allegations contained in Paragraph 89 of the SAC regarding the alleged approval of the Concept Plan, and these Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 89 of the SAC..

90.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 90 of the SAC.

91.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 91 of the SAC.

92.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 92 of the SAC.

93.

These Defendants are without knowledge or information sufficient to form a belief as to

the allegations contained in Paragraph 93 of the SAC.

**C.    THE PERKINS FIELD DEVELOPMENT WAS IN LINE WITH THE POLICY OF THE CITY TO DONATE VALUABLE LAND TO THE DEVELOPMENT AUTHORITY FOR A LONG TERM LEASE FOR AFFORDABLE HOUSING.**

94.

These Defendants deny the allegations contained in Paragraph 94 of the SAC.

95.

These Defendants deny the allegations contained in Paragraph 95 of the SAC.

96.

These Defendants deny the allegations contained in Paragraph 96 of the SAC.

97.

These Defendants are without knowledge or information sufficient to form a belief as to

the allegations contained in Paragraph 97 of the SAC.

98.

These Defendants deny the allegations contained in Paragraph 98 of the SAC.

**D.    WITH THE CITY'S PERMISSION AND ENCOURAGEMENT, THE PLAINTIFFS BEGIN DETAILED PLANNING AND COMMENCEMENT OF THE PERKINS FIELD DEVELOPMENT**

99.

These Defendants deny the allegations contained in Paragraph 99 of the SAC.

100.

These Defendants deny the allegations contained in Paragraph 100 of the SAC.

101.

These Defendants deny the allegations contained in Paragraph 101 of the SAC regarding any alleged agreement with the City, and are without information or belief sufficient to admit or deny whether meetings took place between the Plaintiffs and representatives of the Development Authority.  The remaining allegations contained in Paragraph 101 of the SAC are denied.

102.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 102 of the SAC.

103.

These Defendants deny the allegations contained in Paragraph 103 of the SAC.

104.

These Defendants deny the allegations contained in Paragraph 104 of the SAC.

105.

In response to Paragraph 105 of the SAC, these Defendants admit that Plaintiffs provided additional information about their proposed project, and these Defendants are without sufficient knowledge or information to either admit or deny what persons would qualify for occupancy in Plaintiffs' proposed development project.  By way of further response, any and allegations contained in Paragraph 105 of the SAC inconsistent with or contrary to the above response are denied.

106.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 106 of the SAC.

107.

In response to Paragraph 107 of the SAC, these Defendants admit Plaintiffs informed the City that persons qualifying for occupancy in Plaintiffs' proposed development project would consist of service members at Robins Base, City workers, maintenance workers, food service workers, private sector workers, and others working at schools, hospitals, retail stores in the area. Any allegations in Paragraph 107 inconsistent with or contrary to the above response are denied.

108.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 108 of the SAC.

109.

In response to Paragraph 109 of the SAC, these Defendants deny the allegations contained in Paragraph 109 of the SAC.

110.

In response to Paragraph 110 of the SAC, these Defendants admit the plans were approved. The remaining allegations contained within Paragraph 110 of the SAC are denied.

111.

In response to Paragraph 111 of the SAC, these Defendants admit the authenticity of Exhibit G.  The remaining allegations inconsistent with or contrary to the letter attached as Exhibit G are denied.

112.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 112 of the SAC.

### E.   CITY AND DEVELOPMENT AUTHORITY REAFFIRM THE PERKINS FIELD DEVELOPMENT TERMS

113.

These Defendants deny the allegations contained in Paragraph 113 of the SAC.

114.

These Defendants deny the allegations contained in Paragraph 114 of the SAC.

115.

These Defendants deny the allegations contained in Paragraph 115 of the SAC.

116.

These Defendants deny the allegations contained in Paragraph 116 of the SAC.

117.

These Defendants are without sufficient knowledge or information to either admit or deny the allegations pertaining to any alleged Bond Resolution as alleged in Paragraph 117 of the SAC. These Defendants acknowledge that it requested the City to pay its reasonable attorney fees.  The remaining allegations contained in Paragraph 117 of the SAC inconsistent with or contrary to the above response are denied.

118.

These Defendants deny the allegations contained in Paragraph 118 of the SAC.

119.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 119 of the SAC.

120.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 120 of the SAC.

19

## IV.   THE RACIAL ANIMUS OF MAYOR TOMS TOWARD AFRICAN AMERICAN INFECTS WARNER ROBINS AND BECOMES CITY POLICY

121.

These Defendants deny the allegations contained in Paragraph 121 of the SAC.

122.

In response to Paragraph 122 of the SAC, these Defendants admit there are eight or more departments within the City.  The remaining the allegations contained in Paragraph 122 of the SAC are denied.

123.

These Defendants deny the allegations contained in Paragraph 123 of the SAC.

124.

These Defendants deny the allegations contained in Paragraph 124 of the SAC.

125.

These Defendants deny the allegations contained in Paragraph 125 of the SAC.

126.

These Defendants deny the allegations contained in Paragraph 126 of the SAC.

127.

These Defendants deny the allegations contained in Paragraph 127 of the SAC.

128.

These Defendants deny the allegations contained in Paragraph 128 of the SAC.

129.

These Defendants deny the allegations contained in Paragraph 129 of the SAC.

130.

These Defendants deny the allegations contained in Paragraph 130 of the SAC.

131.

These Defendants deny the allegations contained in Paragraph 131 of the SAC.

**V.     THE CITY SUDDENLY RENEGES ON ITS PROMISES TO THE PLAINTIFFS**

**A.     THE CITY AND THE MAYOR CALL A HALT TO ALL PROGRESS ON THE PERKINS FIELD DEVELOPMENT**

132.

These Defendants deny the allegations contained in Paragraph 132 of the SAC.

133.

These Defendants deny the allegations contained in Paragraph 133 of the SAC.

134.

In response to Paragraph 134 of the SAC, these Defendants admit the authenticity of the attached Exhibit I.  All other allegations contained in Paragraph 134 of the SAC inconsistent with or contrary to Exhibit I are denied.

135.

These Defendants deny the allegations contained in Paragraph 135 of the SAC.

136.

These Defendants deny the allegations contained in Paragraph 136 of the SAC.

137.

These Defendants deny the allegations contained in Paragraph 137 of the SAC.

138.

In response to Paragraph 138 of the SAC, these Defendants admit a conversation occurred on or about January 8, 2020, and by way of further response, the remaining allegations contained in Paragraph 138 of the SAC are denied.

139.

These Defendants deny the allegations contained in Paragraph 139 of the SAC.

**B.      THE MAYOR PROPOSES BAIT AND SWITCH "SOLUTIONS" WHICH ARE UNFEASIBLE, AND WHICH WOULD NOT FURTHER FAIR HOUSING**

140.

These Defendants deny the allegations contained in Paragraph 140 of the SAC.

141.

These Defendants deny the allegations contained in Paragraph 141 of the SAC.

142.

These Defendants deny the allegations contained in Paragraph 142 of the SAC.

143.

These Defendants deny the allegations contained in Paragraph 143 of the SAC.

144.

In response to Paragraph 144 of the SAC, these Defendants admit the Mayor has no right to, control over, or title to the Green Street Site.  All allegations contained in Paragraph 144 inconsistent with or contrary to the above response are denied.

145.

In response to Paragraph 145 of the SAC, these Defendants deny the Mayor represented any land would be donated to the Plaintiffs.  All allegations contained in Paragraph 145 inconsistent with or contrary to the above response are denied.

146.

These Defendants deny the allegations contained in Paragraph 146 of the SAC.

147.

These Defendants deny the allegations contained in Paragraph 147 of the SAC.

148.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 148 of the SAC.

149.

These Defendants deny the allegations contained in Paragraph 149 of the SAC.

150.

These Defendants deny the allegations contained in Paragraph 150 of the SAC.

151.

These Defendants deny the allegations contained in Paragraph 151 of the SAC, and further deny the City owed Plaintiffs' any contractual or any other duty as is alleged.

152.

These Defendants deny the allegations contained in Paragraph 152 of the SAC.

**C.     THE PLAINTIFF CONTINUE TO PRESS FOR THE COMPLETION OF THE PERKINS FIELD DEVELOPMENT**

153.

In response to Paragraph 153 of the SAC, these Defendants admit the Plaintiffs communicated their interest in developing the Perkins Field Site; the remaining allegations contained in Paragraph 153 of the SAC are denied.

154.

In response to Paragraph 154 of the SAC, these Defendants deny the City had any contractual or other obligation owing to the Plaintiffs, and these Defendants are without knowledge or information sufficient to admit or deny what date Plaintiffs sent the alleged letter.  All other

allegations contained in Paragraph 154 of the SAC inconsistent with or contrary to the above response are denied.

### D. THE CITY ATTEMPTS TO "RESCIND" ITS CONTRACTUAL AND LEGAL OBLIGATIONS TO THE PLAINTIFFS

155.

These Defendants deny the allegations contained in Paragraph 155 of the SAC.  By way of further response, these Defendants admit an agenda item included "Rescind Land Lease Agreement."

156.

These Defendants admit the allegations contained in Paragraph 156 of the SAC.

157.

These Defendants deny the allegations contained in Paragraph 157 of the SAC.

158.

These Defendants deny the allegations contained in Paragraph 158 of the SAC.

159.

These Defendants deny the allegations contained in Paragraph 159 of the SAC.  By way of further response to Paragraph 159 of the SAC, these Defendants admit the Rescission Resolution was approved.

160.

These Defendants deny the allegations contained in Paragraph 160 of the SAC.

### VI. THE ACTIONS OF THE CITY AND THE MAYOR WILL HAVE A DISPARATE IMPACT ON AFRICAN AMERICANS AND VIOLATE THE DUTY TO AFFIRMATIVELY FURTHER FAIR HOUSING

161.

These Defendants deny the allegations contained in Paragraph 161 of the SAC.

162.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 162 of the SAC.

163.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 163 of the SAC.

164.

These Defendants deny the allegations contained in Paragraph 164 of the SAC.

165.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 165 of the SAC.

166.

These Defendants deny the allegations contained in Paragraph 166 of the SAC.

167.

These Defendants deny the allegations contained in Paragraph 167 of the SAC.

168.

These Defendants deny the allegations contained in Paragraph 168 of the SAC.

169.

These Defendants deny the allegations contained in Paragraph 169 of the SAC, and by way of further response, these Defendants deny having engaged in any alleged bad faith or illegal conduct.

**VII.   THE ACTIONS OF THE MAYOR, THE CITY AND THE DEVELOPMENT AUTHORITY OBSTRUCT THE PLAINTIFFS' RIGHT TO DEVELOP FAIR AND AFFORDABLE HOUSING**

170.

These Defendants deny the allegations contained in Paragraph 170 of the SAC.

171.

In response to Paragraph 171 of the SAC, these Defendants acknowledge the Mayor is a chief executive; however, these Defendants deny the remaining allegations contained in Paragraph 171 of the SAC.

172.

These Defendants deny the allegations contained in Paragraph 172 of the SAC.

173.

These Defendants deny the allegations contained in Paragraph 173 of the SAC.

174.

These Defendants deny the allegations contained in Paragraph 174 of the SAC.

175.

These Defendants deny the allegations contained in Paragraph 175 of the SAC.

**CAUSES OF ACTION**

**COUNT I:  BREACH OF CONTRACT BY THE DEVELOPMENT AUTHORITY**

176.

These Defendants incorporate by reference and reassert the responses and statements contained in Paragraphs 1 through 19, 70 through 120, and 132 through 152, as if fully set out herein.

177.

These Defendants deny the allegations contained in Paragraph 177 of the SAC.

178.

These Defendants deny the allegations contained in Paragraph 178 of the SAC.

179.

These Defendants deny the allegations contained in Paragraph 179 of the SAC.

180.

These Defendants deny the allegations contained in Paragraph 180 of the SAC.

181.

These Defendants deny the allegations contained in Paragraph 181 of the SAC.

**COUNT II:  DEFENDANTS' VIOLATION OF THE FEDERAL FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, 42 U.S.C. §3604(a): DISPARATE IMPACT UPON AFRICAN AMERICANS**

182.

These Defendants incorporate by reference and reassert the responses and statements contained in Paragraphs 1 through 175, as if fully set out herein.

183.

These Defendants deny the allegations contained in Paragraph 183 of the SAC.

184.

These Defendants deny the allegations contained in Paragraph 184 of the SAC.

185.

These Defendants deny the allegations contained in Paragraph 185 of the SAC.

**COUNT III:  DEFENDANTS' VIOLATION OF THE FEDERAL FAIR HOUSING ACT, TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968, 42 U.S.C. §3604(a): DISCRIMINATORY INTENT TO HARM AFRICAN AMERICANS**

186.

These Defendants incorporate by reference and reassert the responses and statements contained in Paragraphs 1 through 175, as if fully set out herein.

187.

These Defendants deny the allegations contained in Paragraph 187 of the SAC.

188.

These Defendants deny the allegations contained in Paragraph 188 of the SAC.

189.

These Defendants deny the allegations contained in Paragraph 189 of the SAC.

**COUNT IV:  DEFENDANTS' VIOLATION OF THE GEORGIA FAIR HOUSING ACT**

190.

These Defendants incorporate by reference and reassert the responses and statements contained in Paragraphs 1 through 175, 183, and 187, as if fully set out herein.

191.

These Defendants deny the allegations contained in Paragraph 191 of the SAC.

192.

These Defendants deny the allegations contained in Paragraph 192 of the SAC.

**COUNT V:  SPECIFIC PERFORMANCE AS TO THE CITY AND THE DEVELOPMENT AUTHORITY**

193.

These Defendants incorporate by reference and reassert the responses and statements contained in Paragraphs 1 through 175, as if fully set out herein.

194.

These Defendants deny the allegations contained in Paragraph 194 of the SAC.

195.

In response to Paragraph 195 of the SAC, these Defendants admit that attached as Exhibit A is a proposed lease agreement between the Development Authority and Perkins L.P., which alleged agreement neither involves nor binds the City, and said agreement speaks for itself. All allegations in Paragraph 195 of the SAC inconsistent with or contrary to the above response are denied.

196.

These Defendants deny the allegations contained in Paragraph 196 of the SAC.

197.

In response to Paragraph 197 of the SAC, these Defendants deny any benefit or value has been provided to the City by the Plaintiffs.  All allegations in Paragraph 197 of the SAC inconsistent with or contrary to the above response are denied.

198.

These Defendants deny the allegations contained in Paragraph 198 of the SAC, and these Defendants further show that the Plaintiffs have no right, claim, or other interest in the alleged Perkins Field Site.

199.

These Defendants deny the allegations contained in Paragraph 199 of the SAC.

## COUNT VI:  VIOLATION BY THE MAYOR AND THE CITY OF U.S. CONSTITUTION, ARTICLE I, SECTION 10, CL. 1; 42 U.S.C. SECTION 1983

200.

These Defendants incorporate by reference and reassert the responses and statements contained in Paragraphs 1 through 19, 70 through 120, and 132 through 152, as if fully set out herein.

201.

These Defendants admit the allegations contained in Paragraph 201 of the SAC.

202.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 202 of the SAC.

203.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 203 of the SAC.

204.

These Defendants are without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 204 of the SAC.

205.

These Defendants deny the allegations contained in Paragraph 205 of the SAC.

206.

These Defendants deny the allegations contained in Paragraph 206 of the SAC.

207.

These Defendants deny the allegations contained in Paragraph 207 of the SAC.

**COUNT VII:  RECOVERY OF DAMAGES FOR**
**TORTIOUS INTERFERENCE WITH CONTRACT BY THE CITY AND THE MAYOR**

208.

These Defendants incorporate by reference and reassert the responses and statements contained in Paragraphs 1 through 19, 70 through 120, and 132 through 152, as if fully set out herein.

209.

These Defendants deny the allegations contained in Paragraph 209 of the SAC.

210.

These Defendants deny the allegations contained in Paragraph 210 of the SAC.

211.

These Defendants deny the allegations contained in Paragraph 211 of the SAC.

212.

These Defendants deny the allegations contained in Paragraph 212 of the SAC.

213.

These Defendants deny the allegations contained in Paragraph 213 of the SAC.

214.

These Defendants deny the allegations contained in Paragraph 214 of the SAC.

215.

These Defendants deny the allegations contained in Paragraph 215 of the SAC.

**WHEREFORE,** these Defendants having fully responded to the Plaintiffs' Second Amended Complaint, these Defendants hereby demand a trial by jury, and further respectfully pray:

(a)      that the Complaint be dismissed;

(b)     that the prayers and demands of the Second Amended Complaint be denied;

(c)     that the Mayor be dismissed from this case based upon official and qualified immunity;

(d)     that these Defendants, having fully answered, have judgment in their favor and be hence discharged without costs;

(e)     that these Defendants have a trial by jury on any remaining genuine issue of material fact;

(f)      that the Court award these Defendants attorneys' fees, expenses and costs, as provided by law in defending this case; and

(g)     that these Defendants have such other and further relief as the Court deems equitable and just in the premises.

Respectfully submitted this 5<u>th</u> day of April, 2021.

**BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON, & DAVIS, LLP**

By:     <u>*/s/ I. Stewart Duggan*</u>
        I. STEWART DUGGAN
        Georgia Bar No. 232207
        SARAH C. MARTIN
        Georgia Bar No. 440539

P.O. Box 5007                          *Counsel for Defendants The City of Warner*
Rome, Georgia 30162-5007               *Robins, Georgia and City Mayor Randy Toms*
Phone:   (706) 291-8853
Fax:     (706) 234-3574
Email:   isduggan@brinson-askew.com
         smartin@brinson-askew.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have this day electronically filed **Answers of Defendants City of Warner Robins, Georgia and City Mayor Randy Toms to Plaintiffs' Second Amended Complaint** with the Clerk of Court using the CM/ECF system which will automatically send notification of such filing to the following parties at interest:

R. Matthew Shoemaker, Esquire
matt.shoemaker@jonescork.com
Joseph R. Prochaska, Esquire
jprochaska@renocavanaugh.com
Iyen Abdon Acosta, Esquire
iacosta@renocavanaugh.com
*Counsel for Plaintiffs*

This 5<u>th</u> day of April, 2021.

**BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP**

By:      */s/ I. Stewart Duggan*
I. STEWART DUGGAN
Georgia Bar No. 232207

*Counsel for Defendants The City of Warner Robins, Georgia and City Mayor Randy Toms*

702480.1

33